FILED
2026 Apr-17  PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **STANLEY B. STALLWORTH,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:23-cv-01533-MHH** |
| | } | |
| **DR. GARY CROSBY**, *et al.*, | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

In his amended complaint, *pro se* plaintiff Stanley B. Stallworth has sued Dr. Gary Crosby, Brian Ruble, and Ane Debro, three former employees of Alabama Agricultural and Mechanical University.  (Doc. 33). [1]  Mr. Stallworth also has sued Peter Blum, Michael Canfield, and Canfield Computer Solutions.  (Doc. 33).[2]  Mr. Stallworth's allegations stem from his involvement in another lawsuit involving A&M, *Jones v. The Board of Trustees for Alabama Agricultural and Mechanical University*, No. 5:17-cv-01723-MHH (N.D. Ala.).  (*See* Doc. 33, pp. 4–12, ¶¶ 11–38).  Mr. Stallworth represented Dr. Jones in the *Jones* litigation for several years. (Doc. 33, p. 4, ¶ 12).

---

[1] Mr. Stallworth has sued the former A&M employees in their individual capacities.  (Doc. 33, pp. 2–3, ¶¶ 5–7).

[2] Mr. Stallworth has sued Mr. Blum and Mr. Canfield in their individual capacities.  (Doc. 33, p. 3, ¶¶ 8–9).

In this action, Mr. Stallworth asserts claims for violations of his constitutional rights under 42 U.S.C. § 1983 and for invasion of privacy under Alabama law.  (Doc. 33, pp. 16–20, ¶¶ 40–56).  The A&M defendants have moved to dismiss Mr. Stallworth's claims under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 35).  Mr. Stallworth has not served Mr. Blum, Mr. Canfield, or Canfield Computer.  This opinion resolves the motion to dismiss and addresses Mr. Stallworth's claims against the unserved defendants.

***

Mr. Stallworth alleges that searches that the defendants' searches that conducted during the *Jones* action violated his privacy rights because the searches revealed messages that include sexually explicit content.  (Doc. 33, p. 5, ¶ 16).  Mr. Stallworth contends that the A&M defendants made "at least 97 separate notations" on text messages regarding, among other things, his and Dr. Jones's "identification or association with other gay men."  (Doc. 33, pp. 13–14, ¶ 39).

Mr. Stallworth alleges that the A&M defendants intruded on his right to privacy "by investigating a previously-closed and expunged criminal proceeding against" him that "disclosed" his "participation in homosexual sexual activity."  (Doc. 33, p. 5, ¶ 17).  Mr. Stallworth asserts that the defendants took notes concerning the criminal matter.  (Doc. 33, pp. 15–16, ¶ 39).  The notes contained

2

contact information and notations such as "sex crime unit" and "bench trial not guilty." (Doc. 33, p. 16, ¶ 39) (internal quotation marks omitted).

Mr. Stallworth alleges that the defendants violated his rights of expressive association and intimate association secured by the First and Fourteenth Amendments of the United States Constitution. (Doc. 33, pp. 16–19, ¶¶ 40–52). According to Mr. Stallworth, the defendants used the text messages "or other expressive acts pertaining to homosexuality" to investigate him "for the purpose of taking adverse actions against" him, "in effect treating" him as a criminal "because of [his] perceived sexual orientation." (Doc. 33, p. 17, ¶ 42). Mr. Stallworth asserts that the defendants acted "knowingly and with the intention of using the expressive content of a homosexual nature to gain[] an unlawful competitive []advantage over [Mr. Stallworth] in his representation of Dr. Jones." (Doc. 33, p. 17, ¶ 44). Mr. Stallworth alleges that the defendants' conduct chilled "the expression of topics involving homosexuality between" Mr. Stallworth and Dr. Jones, "including legally privileged communications." (Doc. 33, pp. 17–18, ¶¶ 45, 47).[3] Mr. Stallworth alleges that he has suffered out-of-pocket losses such as "the expenditure of funds for consultations seeking counsel" and "travel expenses back to Illinois to determine

---

[3] Mr. Stallworth also alleges that the defendants' effort to violate his First Amendment right to expressive association violated his due process rights, (Doc. 33, p. 18, ¶ 46), but Mr. Stallworth has not explained how the defendants' actions violated his due process rights.

the level of privacy invasion he had suffered," and he seeks damages for humiliation, embarrassment, and mental suffering. (Doc. 33, p. 18, ¶ 48; Doc. 33, p. 21).

***

A party may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1). Subject matter jurisdiction refers to a federal district court's ability to hear a particular case. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[4] Under Article III, federal courts may hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2. A litigant's "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The [standing] doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 578 U.S. at 338.

As the party invoking federal jurisdiction, Mr. Stallworth bears the burden of establishing his standing to sue. *Kokkonen*, 511 U.S. at 377. To establish standing, Mr. Stallworth must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338; *see also City*

---

[4] 28 U.S.C. § 1331 provides a statutory basis for Mr. Stallworth's expressive association and intimate association claims because these claims arise under § 1983 and the Constitution.

*of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1282 (11th Cir. 2019). The A&M defendants argue that Mr. Stallworth has not alleged an injury sufficient to confer standing. (Doc. 36, pp. 8–11; Doc. 39, pp. 9–11). Mr. Stallworth's expressive association claim arises under the First Amendment. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). A plaintiff's allegation that a defendant has violated his First Amendment rights suffices to allege an injury in fact. *See Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1119 (11th Cir. 2022) (noting plaintiffs have standing when "they have alleged a deprivation of their First Amendment right to free speech"); *McCabe v. Sharrett*, 12 F.3d 1558, 1563 (11th Cir. 1994) ("'The right of expressive association . . . is protected by the First Amendment as a necessary corollary of the rights that the amendment protects by its terms.'"). Here, Mr. Stallworth has alleged that the A&M defendants' actions have impaired his right to expressive association by chilling his ability to engage in protected speech. (Doc. 33, pp. 12–15, 16–18, ¶¶ 39, 41–48).

The right to intimate association "receives protection as a fundamental element of personal liberty" and protects "choices to enter into and maintain certain intimate human relationships." *Roberts*, 468 U.S. at 617–18. The Court has not found an Eleventh Circuit decision addressing a plaintiff's standing to bring an intimate association claim. The Sixth Circuit has indicated that a plaintiff has standing when "claim[ing] an injury based on [the plaintiff's] own protected

5

actions—the right to associate with whom" the plaintiff chooses. *See Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 403 (6th Cir. 2017) (citing *Adkins v. Bd. of Educ. of Magoffin Cnty.*, 982 F.2d 952, 953 (6th Cir. 1993)) (discussing why plaintiff in *Sowards v. Loudon County,* 203 F.3d 426, 430 (6th Cir. 2000) had standing to bring intimate association claim).  Here, Mr. Stallworth has alleged an injury in fact because he contends that the A&M defendants infringed on his ability to associate with whom he chooses by implementing a discriminatory policy based on his association and conversations with gay men.  (Doc. 33, pp. 12–15, 18–19, ¶¶ 39, 49–53).  Therefore, the Court denies the A&M defendants' Rule 12(b)(1) motion to dismiss Mr. Stallworth's claims.

***

Rule 12(b)(6) allows a defendant to move to dismiss claims in a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

6

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must accept well-pleaded facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

The A&M defendants argue that the doctrine of qualified immunity shields them from Mr. Stallworth's § 1983 claims for alleged constitutional violations. (Doc. 36, pp. 14–19; Doc. 39, pp. 2–4).[5] "Qualified immunity protects [government actors] from suit in their individual capacities for discretionary actions performed in the course of their duties." *Carter v. Butts Cnty.*, 821 F.3d 1310, 1318 (11th Cir. 2016) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "This doctrine 'balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Miller v. Palm Beach Cnty. Sheriff's Off.*, 129

---

[5] The A&M defendants have moved to dismiss Mr. Stallworth's claims under Rule 12(b)(6) on several grounds. (Doc. 36, pp. 7–21; Doc. 39, pp. 2–13). For the reasons stated in this opinion, the Court need not address each argument.

F.4th 1329, 1333 (11th Cir. 2025) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010)).

District courts determine whether qualified immunity applies "on a claim-by-claim and defendant-by-defendant basis." *Miller*, 129 F.4th at 1333 (citing *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018)). "To enjoy qualified immunity's protection, 'a government official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful act occurred.'" *Jarrard v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1323 (11th Cir. 2024). If the official meets this burden, then the burden "shifts to the plaintiff to show '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Jarrard*, 115 F.4th at 1323. District courts have discretion in determining which of these two questions to answer first. *Pearson*, 555 U.S. at 236.

To determine if defendants acted within their discretionary authority, district courts "ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). District courts "look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional

extent, or under constitutionally inappropriate circumstances." *Harland*, 370 F.3d at 1266.

Mr. Stallworth does not appear to challenge the A&M defendants' contention that they acted within the scope of their discretionary authority in investigating Dr. Jones. (*See* Doc. 38, pp. 8–10). Investigating workplace conduct and defending against a lawsuit using the means alleged in Mr. Stallworth's complaint implicate the A&M defendants' discretionary authority. *See Harland*, 370 F.3d at 1365–66.

In the Eleventh Circuit, to overcome a defense of qualified immunity, plaintiffs must establish that:

> "[T]he contours of the right were sufficiently clear that every reasonable [actor] would have understood that what he was doing violates that right." . . . [A] plaintiff can meet [their] burden in any of three ways. [They] can either (1) come forward with "case law with indistinguishable facts clearly establishing the constitutional right," (2) point to "a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right," or (3) show that officials engaged in "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law."

*Jarrard*, 115 F.4th at 1323–24 (citation omitted). As the Supreme Court has explained, "for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation marks omitted) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). "'[C]learly established law' should not be defined 'at a high level of generality.'" *White*, 580 U.S. at 79 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742

9

(2011)). "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 580 U.S. at 79 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). When a case "'presents a unique set of facts and circumstances' . . . [t]his alone should [be] an important indication . . . that [the defendant]'s conduct did not violate a 'clearly established' right." *White*, 580 U.S. at 80 (citation omitted).

It is well-settled that a state actor may not infringe on an individual's freedom of expressive association and freedom of intimate association, *Roberts*, 468 U.S. at 617–18, but this general proposition is not sufficiently particularized to the facts of this case. In his response brief, Mr. Stallworth has not cited case law supporting his contention that the A&M defendants violated clearly established law based on the alleged circumstances in this case. Absent a decision involving a fact scenario like the one presented here, the A&M defendants are entitled to qualified immunity on Mr. Stallworth's § 1983 claims. *See White*, 580 U.S. at 81.

***

Turning to the unserved defendants, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Mr. Stallworth filed his amended complaint on March 7, 2025. (Doc. 33). On March 11, the Clerk of Court returned to Mr. Stallworth alias summonses for service on Mr. Blum, Mr. Canfield, and Canfield Computer. (Doc. 34). On March 31, Mr. Stallworth attempted service on Mr. Canfield and Canfield Computer by certified mail. (Doc. 40, p. 3; Doc. 41, p. 3). Mr. Stallworth's mailings to Mr. Canfield and Canfield Computer returned, marked as undeliverable, and Mr. Stallworth filed the unexecuted summonses on the docket. (Doc. 40, pp. 3–4; Doc. 41, pp. 3–4). Mr. Stallworth has not indicated that he has served Mr. Blum. Mr. Stallworth's window to serve Mr. Blum, Mr. Canfield, and Canfield Computer closed on June 5, 2025.

The Supreme Court has affirmed and "reaffirmed that § 1983 can sometimes impose liability upon a private individual." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997). Private individuals "retained by the [government] to assist in conducting an official investigation into potential wrongdoing" may be liable under § 1983 and therefore may enjoy the protections qualified immunity provides to state actors. *See Filarsky v. Delia*, 566 U.S. 377, 393–94 (2012). Mr. Stallworth alleges that Mr. Canfield and Mr. Blum contracted with A&M University to assist with the investigations of Dr. Jones. (Doc. 33, pp. 3, 9–10, 13, ¶¶ 8–9, 31–32, 39). Before deciding whether to extend the time for Mr. Stallworth to serve Mr. Canfield and Mr. Blum, Mr. Stallworth must explain why qualified immunity does not shield Mr. Canfield and Mr. Blum as it does the A&M defendants.

11

Mr. Stallworth alleges that A&M contracted with Canfield Computer as a "third-party forensic investigator." (Doc. 33, pp. 3, 9, ¶¶ 10, 31). According to Mr. Stallworth, Canfield Computer and the other defendants "devised and implemented a discriminatory policy" to deprive him of his constitutional rights. (Doc. 33, pp. 16, 19, ¶¶ 41, 51). Before deciding whether to extend the time for Mr. Stallworth to serve Canfield Computer, Mr. Stallworth must identify Eleventh Circuit or Supreme Court precedent that allows him to maintain his § 1983 claims against Canfield Computer.

***

Accordingly, the Court grants the A&M defendants' Rule 12(b)(6) motion to dismiss Mr. Stallworth's § 1983 claims. Within 14 days, Mr. Stallworth shall identify the law that allows him to assert § 1983 claims against Mr. Canfield, Mr. Blum, and Canfield Computer, and, if he identifies such law, Mr. Stallworth shall explain why qualified immunity does not apply to his federal claims against these defendants.[6]

**DONE** and **ORDERED** this April 17, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[6] The Court will address Mr. Stallworth's state law claims after the Court determines whether Mr. Stallworth may maintain a federal claim against Mr. Canfield, Mr. Blum, and Canfield Computer.